UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ | : | |
| JOSEPH ROSS | : | **Hon. William J. Martini** |
| Petitioner, | : | **ORDER** |
| v. | : | Civil Action No. 06-2488 (WJM) |
| COMMISSIONER OF SOCIAL SECURITY | : | |
| Respondent. | : | |
| _____ | : | |

      **THIS MATTER** comes before the Court on Petitioner Joseph Ross's petition for review pursuant to 42 U.S.C. § 405(g) of the Social Security Act ("Act"), as amended, seeking review of the final determination of the Commissioner of Social Security ("Commissioner") denying his request for disability benefits under Title II and Title XVI of the Act, 42 U.S.C. §§ 401-433 and § 1383. Petitioner argues, *inter alia*, that Administrative Law Judge Gerald J. Ryan (the "ALJ") failed to properly assess whether he could perform other work existing in significant numbers in the national economy (i.e., "Step Five") because he relied solely on Medical-Vocational Guideline 203.25 (the "Grids"). The Court finds that an error may be present. Accordingly, the Court will reverse and remand this matter for further proceedings consistent with this Order.

      In *Sykes v. Apfel*, the Third Circuit held that "the Commissioner can[not] determine that ... nonexertional impairments do not significantly erode [Petitioner's] occupational base under the grids without taking additional vocational evidence establishing as much or providing notice to the claimant of his intention to take official notice of this fact (and providing the claimant with an

opportunity to counter the conclusion.)." 228 F.3d 259, 264-65 (3d Cir. 2000). Furthermore, in *Allan v. Barnhart*, the Third Circuit held that the Commissioner may rely on an SSR as a replacement for testimony of a vocational expert. 417 F.3d 396 (3d Cir. 2005). However, an ALJ may only rely on an SSR if it is "crystal-clear that the SSR is probative as to the way in which the nonexertional limitations impact the ability to work, and thus, the occupational base." *Id.* at 407.

Here, it is unclear whether Petitioner suffered from only exertional limitations, only non-exertional limitations, or both. For instance, at one portion of the ALJ's opinion, he notes that Petitioner "has no limitations lifting/carrying, standing and/or walking, sitting and pushing and/or pulling." (R. at 17.) This would suggest the absence of any exertional impairments. *See* 20 C.F.R. 404.1569a. However, at another portion of the opinion, the ALJ states that "the claimant suffers from some intermittant limitation due to his impairment [sic]." (R. at 17.) This leads the Court to believe that the ALJ determined that Petitioner suffered from some limitations which are nonexertional in nature. This conclusion is also bolstered by a decision from the Third Circuit agreeing that asthma and diabetes produce nonexertional limitations. *See Williams v. Barnhart*, 87 Fed. Appx. 267, 270 (3d Cir. Jan 26, 2004) (citing *Singleton v. Schweiker*, 551 F. Supp. 715, 723-24 (E.D. Pa. 1982) (observing that diabetes is a non-exertional impairment); *see also Quintana v. Comm'r of Soc. Sec.*, 110 Fed. Appx. 142, 143 (1st Cir. Oct. 7, 2004) (noting that asthma is a non-exertional impairment).

If this is the case, the ALJ erred by relying solely on the Grids at Step Five. Therefore, the Court shall remand this matter to the Commissioner. On remand, the Commissioner shall expressly determine whether Petitioner's limitations are exertional, nonexertional, or both. If they are nonexertional or a combination of both, then the ALJ shall conduct an analysis consistent with the Third Circuit's holdings in *Sykes v. Apfel* and *Allan v. Barnhart*. Accordingly,

**IT IS** on this 21ˢᵗ day of June, 2007, hereby:

**ORDERED** that the opinion in the above-captioned matter of ALJ Gerald J. Ryan, dated October 27, 2005, is **REVERSED** and **REMANDED** for further administrative proceedings and rehearing pursuant to 402 U.S.C. § 405(g); and

**IT IS FURTHER ORDERED** that the ALJ determine whether Petitioner suffers from any nonexertional limitations and, if so, shall re-evaluate, consistent with *Sykes v. Apfel* and *Allan v. Barnhart*, whether Plaintiff can perform other work existing in significant numbers in the national economy.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**